FOURNET, Chief Justice.
 

 Southwest Title and Insurance Company, hereinafter referred to as Southwest, having issued an owner’s title insurance policy to American Legion Ed Brauner Post No. 307, Inc., hereinafter referred to as the Legion, guaranteeing its title to certain property
 
 [1]
 
 acquired from Two Wing Temple Church of God in Christ, Inc., hereinafter referred to as Two Wing, was sued by its insured for damages allegedly sustained because of adverse occupancy of the premises by Irma E. Foster and Claire E. F. Williams under a purported lease contract that, although duly recorded in the conveyance records, was not disclosed by the certificates of the Register of Conveyances for the Parish of Orleans. Two Wing and the Registrar were also named defendants, plaintiff praying, in addition to its claim for damages against all defendants in solido, for penalties and attorney fees against Southwest, claiming it had acted arbitrarily and capriciously in failing to comply with the obligation of its policy.
 

 The case is now before us on a writ of certiorari granted on application of South
 
 *611
 
 west, 251 La. 1081, 208 So.2d 536, but limited to a review of that part of the judgment of the Court of Appeal for the Fourth Circuit granting plaintiff’s demand for penalties, fixed at 12% of the principal, and interest due plus $1,000 as attorney fees, both of which had been rejected by the trial judge. 207 So.2d 393.
 

 In order to properly resolve this issue we think it necessary to consider the applicability of the penal statute
 
 [2]
 
 to the factual situation reflected by the record relative to the insurer’s compliance with its obligation under the policy.
 

 Pending execution of the act of sale covering the property, the plaintiff, in conformity with the title binder issued by Southwest preparatory to its policy, secured a clear conveyance and mortgage certificate from the Register of Conveyances. However, Southwest was advised by letter from the Legion dated June 30, 1965, that the premises were occupied by people “with a recorded lease which had been negligently omitted from the indices of the Conveyance Records for the Parish of Orleans” and called upon Southwest to “do all that is necessary and proper to place the purchaser in full'and undisturbed possession of the premises as soon as re'asonablé and possible.”
 

 As pointed out by the appellate court in its decision, “At this point a conference was held by the attorneys representing the Legion, the Register, Southwest and Two Wing. It was agreed among them that Revious O. Ortique, Jr., attorney for Two Wing, would file a possessory action on behalf of Two Wing against Williams and Foster for possession of the property. Such a suit was filed August 4, 1965 * * The Legion’s attorney, nevertheless, by letter dated August 27, 1965, advised Southwest’s attorney in writing that the possessory action would not be heard for another year since they had proceeded “by petition and citation rather than by rule,” and the Legion felt its position was untenable because it was “neither enjoying the possession of the premises * * * nor * * * deriving any revenue from the property,” and demanded that it be “furnished, by way of damages, the sum of $285.00 per month commencing May 21, 1965, and to be paid
 
 *613
 
 every month until such times” as they were in complete and undisturbed possession of the premises.
 

 In reply to Legion’s letter of August 27, Southwest, by letter of September 9, 1965, informed the Legion that the company had notified Two Wing of the demand for damages, advising that if such were due they must be paid by Two Wing. The company further stated that the decision to pay the demand of $285 a month did no't rest with Southwest alone, but also involved Two Wing and the Register. It was suggested that there be a conference of the attorneys for the Legion, the Register, Two Wing, and Southwest as to the matter of who would be subrogated to Southwest. On September 14 the attorney for the Legion advised by letter addressed to Southwest’s attorney that the suggestion for a conference was acceptable and they would be willing to meet at any time within the next ten days, the times being specified.
 

 Obviously this meeting was fruitless, for the Legion’s attorney, by letter addressed to Southwest dated November 10, 1965, advised that “because of dilatory tactics by the attorney representing the people who are allegedly unlawfully on the premises” he was instructed to commence legal action, and, on January 26, 1966, suit was filed naming as defendants Southwest, Two Wing, and the Register, and demanding as damages $285 a month until such time as plaintiff was placed in possession of the subject premises, and for penalties and attorney fees as against Southwest.
 

 Southwest in its answer urged that under the facts related above it discharged its obligation to remove the encumbrance (the purported lease) in accordance with the agreement reached at the initial conference among the attorneys, and that the possessory action filed by Ortique, attorney for Two Wing, was, therefore, compliance under clause 3(c)
 
 [3]
 
 of the policy. Southwest further denied the company had acted unreasonably or capriciously.
 

 After trial on the merits, judgment was rendered against the defendants — Southwest, Two Wing, and the Register — in solido in the sum of $120 a month commencing May 1, 1965, to the date of the judgment, November 21, 1966, together with legal interest and costs.
 
 [4]
 
 Inasmuch as the claim for penalties and attorney
 
 *615
 
 fees is not mentioned in the judgment, we construe this, as did the Court of Appeal, to be a rejection of the demand. On appeal the Court of Appeal for the Fourth Circuit amended the judgment of the trial judge by increasing the monthly award from $120 to $160, and, concluding, additionally, that Southwest was arbitrary and capricious in failing to take “some affirmative action to remove the encumbrance, independently of the action taken by other parties in interest,” assessed the penalties provided by R.S. 22:658 of 12% of the amount of the principal judgment with interest and attorney fees, which it fixed at $1,000.
 

 We cannot agree with the latter conclusion of the appellate court. The policy issued by Southwest under condition 6(c) provides: “No claim for damages shall arise or be maintainable under this policy (1) if the Company, after having received notice of an alleged defect, lien or encumbrance not excepted or excluded herein removes such defect * * * within a reasonable time after receipt of such notice * * *.” Counsel for all parties concerned, including the plaintiff, recognizing the obligations of Southwest, following the initial conference caused a suit to be filed to remove the defect complained of. However, in the event it could be concluded under the facts of this case that Southwest was unsuccessful in its efforts to remove such defect in a reasonable time after receipt of notice, as contended by plaintiff, then plaintiff’s right to recover loss suffered by it is in accordance with Condition 6(e) of the policy, which declares : “When liability has been definitely fixed in accordance with the conditions of this policy the loss or damage shall be payable within thirty days thereafter.”
 

 From the foregoing it is clear that Southwest under the policy issued here incurred no monetary liability to its insured upon learning of the adverse claim, but, rather, there was imposed upon it the obligation of vindicating its insured’s title rights by defense or prosecution, as the case may be. Failing in its efforts, it must respond in any loss suffered by the insured only after its “liability has been definitely fixed,” such loss being payable “within thirty days thereafter.”
 

 It necessarily follows that any proof of loss as contemplated in R.S. 22.658 would be premature until liability was fixed in accordance with the terms of the title policy. Moreover, we think the recitation of the pertinent facts discloses that the plaintiff was placed in possession of the property as rapidly as the process of court permitted the defect created by the pretended lease to be removed. The Legion was paid the rental value of the premises as fixed by the Court of Appeal.
 

 We therefore conclude there was never any arbitrary delay in Southwest’s per
 
 *617
 
 formance of its obligation under its policy, nor was there ever a circumstance when a proof of loss was or should have been •submitted, as indeed none ever was until the judgment of the Court of Appeal became final, which judgment was then paid by the insurer of the register.
 

 The fact that it was the Legion’s counsel’s action in an eviction matter that finally freed the premises of its illegal tenants and placed the Legion in possession thereof does not change the rights of the parties as above resolved. Furthermore, such right, if any, as the Legion may have for the services rendered by its attorney in the eviction proceeding, and the cost thereof, are not at issue here.
 

 For the reasons assigned the judgment of the Court of Appeal for the Fourth Circuit, in so far as it awarded plaintiff penalties and attorney fees, is annulled and set aside. All costs in this court are to be paid by the ' plaintiffs, the American Legion Ed Brauner Post No. 307.
 

 [1]
 

 . The property is in the Sixth District of the City of New Orleans bounded by Octavia, Constance, Joseph, and Magazine streets, designated by municipal number 722 Octavia Street.
 

 [2]
 

 . R.S. 22 :658 provides : “All insurers issuing any type of contract * * * shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proof of loss from the insured, employee or any party in interest. .Failure to make such payment within sixty days after receipt of such proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% of damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s ..fees for the prosecution and collection of such loss * *
 

 [3]
 

 . Condition or clause 3(c) of the policy provides: “The Company shall have the,right at its own cost to institute and prosecute any action or proceeding or do any act which in its opinion may be necessary or desirable to establish the title as .insured; . and the Company may . take any appropriate action under the terms of this policy whether or not it shall be liable thereunder and shall not thereby concede liability or waive any provisions of this policy.”
 

 [4]
 

 . The court, in the possessory action, which was consolidated for trial with the damage suit, decreed the lease null and void, ’ and recognized the right of Two Wing to . possession of the property as against Williams and Foster.